TRAXLER, Circuit Judge,
concurring:
I concur in the judgment. The district court determined that the Brunks’ real property was subject to forfeiture because the property had been used to facilitate violations of the drug laws, see 21 U.S.C.A § 881(a)(7) (West 1999), and, as a separate and independent basis, because the real property had been purchased with the proceeds of illegal drug activity, see 21 U.S.C.A. § 881(a)(6) (West 1999). I would affirm only on the basis that the property was purchased with illegal drug proceeds.
United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), may well require that a proportionality review be undertaken with respect to the district court’s conclusion that the property was subject to forfeiture under § 881(a)(7) because of its connection with the drug-related activity. See United States v. Ahmad, 213 F.3d 805, 815 (4th Cir.) (“[W]e believe that Bajakajian’s ‘grossly disproportional’ analysis applies when determining whether any punitive forfeiture — civil or criminal — is excessive.”), cert, denied, 531 U.S. 1014, 121 S.Ct. 573, 148 L.Ed.2d 490 (2000). To determine whether the forfeiture of the Brunks’ property under § 881(a)(7) is punitive in nature, and therefore subject to a proportionality review under the Eighth Amendment, we would have to consider whether Bajakajian overruled our decision in United States v. Chandler, 36 F.3d 358 (4th Cir.1994). Moreover, no proportionality review was conducted below and we are ill-suited to conduct such a review in the first instance.
In my view, we need not visit all of these issues now because the district court properly ordered that the property be forfeited pursuant to § 881(a)(6), regardless of whether Chandler is still good law. Thus, we should affirm the forfeiture of the Brunks’ real property on the basis of the district court’s finding that it was purchased with the proceeds of illegal drug sales. There is sufficient evidence in the record to support the district court’s determination in this regard. The forfeiture of contraband or its proceeds is never subject to a proportionality analysis. See, e.g., United States v. Lot 41, Berryhill Farm Estates, 128 F.3d 1386, 1395 (10th Cir. 1997) (holding “as a matter of law that forfeiture of drug proceeds pursuant to *149 § 881(a)(6) can never be constitutionally excessive”). I do not read Bajakajian or circuit precedent to require a contrary approach.